UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **M.P.G.,** *for herself and as next friend for* **T.N.P.,** *her minor child,* <br><br> *Plaintiffs*, <br> v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY; PETER T. GAYNOR,** *in his official Capacity as Acting Secretary of DHS*; **U.S. CUSTOMS AND BORDER PROTECTION; MARK MORGAN,** *in his official Capacity as Senior Official Performing the Duties of the Commissioner*; **GLORIA I. CHAVEZ**, *in her official Capacity as Border Patrol Chief for the El Paso Sector of the U.S. Border Patrol*; **U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; TAE JOHNSON,** *in his official capacity as Senior Official Performing the Duties of ICE Director*; **JOSEPH CORREA, SR.,** *in his official capacity as Director of the ICE Enforcement and Removal Operations San Antonio Field Office*, <br><br> *Defendants*. | §§§§§§§§§§§§§§§§§§§§§§§§§ | EP-21-CV-00010-DCG |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiffs M.P.G. and T.N.P.'s "Application for Emergency Temporary Restraining Order" (ECF No. 4) [hereinafter "Emergency Motion"], filed on January 18, 2021, at 1:06 p.m. MST. That same day, the Court held a hearing on the Emergency Motion, during which the parties, by and through their respective counsel, presented their arguments. After the hearing, the Court issued a text order at 11:41 p.m. MST denying the motion for lack of subject matter jurisdiction. Therein, the Court also indicated that it would set forth the rationale

for its decision in a forthcoming memorandum order. Accordingly, the Court issues this memorandum order.

## I. BACKGROUND

Plaintiffs are a Salvadoran mother (M.P.G.) and daughter (T.N.P.) who claim to have experienced persecution in their home country on account of the political opinion and familial relationship to M.P.G.'s husband and T.N.P.'s father. Compl. ¶ 2. In July 2019, Plaintiffs entered the United States near El Paso, Texas to request asylum. *Id.* ¶ 3. They were subsequently returned to Mexico pursuant to the Migration Protection Protocols ("MPP"), whereby asylum-seekers are made to wait in Mexico while their asylum cases are reviewed in the United States. *Id.*

Plaintiffs' first hearing on their immigration case was scheduled on September 18, 2019. *Id.* ¶ 4. But Plaintiffs missed their hearing because they were allegedly kidnapped and held for days in Ciudad Juarez, Mexico, by individuals who identified themselves as members of the Sinaloa Cartel. *Id.* After failing to appear for their hearing, an Immigration Judge ("IJ") ordered Plaintiffs removed *in absentia* on December 18, 2019. *Id.* After they purportedly paid a ransom, their captors released them and they fled to a relative's home in Guadalajara, Mexico; there, they resided for approximately a year until the documents authorizing their stay in Mexico due to their participation in MPP expired. *Id.* ¶ 6.

On December 11, 2020, Plaintiffs again tried to seek protection from the United States, entering without inspection near El Paso, Texas. *Id.* ¶ 46. Plaintiffs claim that they stated their fear of persecution to the Customs and Border Protection ("CBP") agents, but the agents did not immediately refer them to an asylum officer pursuant to 8 C.F.R. § 241.8(e).[1] *Id.* The CBP

---

[1] Specifically, 8 C.F.R. § 241.8(e) provides an exception for withholding the removal of an alien "whose prior order of removal has been reinstated expresses a fear of returning to the country designated

agents allegedly only informed Plaintiffs that the IJ had ordered them removed *in absentia* for failing to appear at their prior hearing. *Id.* Plaintiffs were then transferred into Immigration and Customs Enforcement's ("ICE") custody at the South Texas Residential Center ("STFRC") in Dilley, Texas. *Id.*

In Dilley, Plaintiffs consulted with the Asylum Defense Project's Proyecto Dilley, a pro bono organization that provides free legal services to detained families at the STFRC. *Id.* ¶ 47. On December 23, 2020, Proyecto Dilley emailed ICE, reasserting Plaintiffs' fear of return to El Salvador and seeking clarification regarding the procedural posture of their case. *Id.* ICE did not respond to such inquiry. *Id.*

On January 4, 2021, Plaintiffs filed a *pro se* Motion to Rescind *In Absentia* Removal Order and Reopen Removal Proceedings with the Immigration Court in El Paso, Texas, requesting that the IJ reopen their proceedings so that they may present their claims for asylum. *Id.* ¶ 50. Plaintiffs' *pro se* motion was denied two days later. *Id.* ¶ 51. At the time of filing of this case, Plaintiffs had not appealed such decision to the Board of Immigration Appeals ("BIA").

On January 14, 2020, Proyecto Dilley once again emailed ICE requesting that Plaintiffs be referred to the Citizenship and Immigration Services ("USCIS") for a reasonable fear interview after they had expressed fear of persecution in their home country. *Id.* ¶ 48. ICE also failed to respond to this inquiry. *Id.* ¶¶ 47–48. On January 16, 2021, ICE notified Proyecto Dilley that Defendants intended to remove Plaintiffs to El Salvador on January 19, 2021, at 6:00 a.m. *Id.* ¶ 49.

---

in that order.". 8 C.F.R. § 241.8(e). Pursuant to the regulation, Defendants shall immediately refer the alien "to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to [8 C.F.R. § 208.31[.]". *Id.*

On January 18, 2021, Plaintiffs filed the instant lawsuit. Therein, Plaintiffs assert two causes of action, the first under the Administrative Procedures Act ("APA") and the second under the Fifth Amendment's Due Process Clause. *Id.* ¶¶ 60–67. Specifically, Plaintiffs claim that Defendants violated their own regulations in failing to refer Plaintiffs for reasonable fear interviews, in violation of the APA, and therefore, that Defendants also denied Plaintiffs their right to be heard on their eligibility for withholding of removal, in violation of the Due Process Clause. *Id.* In view of Defendants' alleged violations, Plaintiffs request the Court to stay their removal so that it can determine whether "Defendants have complied with their legal duties" and compel them to do the same if they failed to do so. *Id.* at 15.

On the same day, Plaintiffs filed the instant Emergency Motion asking the Court to enter a temporary restraining order ("TRO") to stay their removal to El Salvador scheduled for the next day at 6:00 a.m. CST, and to compel Defendants to comply with 8 C.F.R. § 241.8(e) and refer Plaintiffs to an asylum officer for withholding of removal proceedings. Emergency Mot. at 20, ECF No. 4. Shortly thereafter, the Court set the motion for an online hearing via Zoom video conference at 8:30 p.m. MST.

## II.   DISCUSSION

Before the Court may delve into the substance of Plaintiffs' Emergency Motion, the Court must first determine if it has jurisdiction over this matter. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (per curiam).

Therefore, Plaintiffs must prove that jurisdiction does exist before the Court can even address the merits of their claims. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Here, Plaintiffs averred that the Court had subject matter jurisdiction pursuant to the United States Constitution and an array of statutes, including 28 U.S.C. § 1331 (for suits raising federal questions); 28 U.S.C. § 1346 (for suits naming the United States as a defendant); 5 U.S.C. §§ 500 *et seq.* (the APA) and 8 U.S.C. §§ 1101 *et seq.* (the Immigration and Nationality Act ("INA")) and the INA's implementing regulations (Title 8 of the Code of Federal Regulations). Compl. ¶ 11. Defendants counter that the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 310-11 ("REAL ID Act"), as codified in 8 U.S.C. § 1252, precluded judicial review because the statute strips the Court of jurisdiction.

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing, among others, 8 U.S.C. § 1252(a)(5))[2]. Moreover, § 1252(g), as amended by the REAL ID act,[3] provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

---

[2] § 1252(a)(5) provides in relevant part: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act], except as provided in subsection (e)." 8 U.S.C. § 1252(a)(5); *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005)

[3] The Real ID Act amended § 1252(g) "by inserting '(statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title' after 'notwithstanding any other provision of law.'" PL 109–13, 119 Stat 231, 311.

8 U.S.C. § 1252(g).  Even before the enactment of the REAL ID Act, the Fifth Circuit held that § 1252(g) strips district courts of the jurisdiction to entertain requests for a stay of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal." (citing, among others, § 1252(g))); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133, 2000 WL 1901410, at *1 (5th Cir. 2000) (unpublished table decision) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings." (discussing § 1252(g))).

Defendants are correct that the REAL ID Act strips this Court of jurisdiction to decide Plaintiffs' Emergency Motion.  The law is clear in that the Court cannot "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien."  See 8 U.S.C. § 1252(g) (emphasis added); *Velasquez v. Nielsen*, 754 F. App'x 256, 261 (5th Cir. 2018); *see also Tazu v. Attorney Gen. United States*, 975 F.3d 292, 297 (3d Cir. 2020) ("*The plain text of § 1252(g) covers decisions about* whether *and* when *to execute a removal order*. . . . So the discretion to decide *whether* to execute a removal order includes the discretion to decide *when* to do it." (italics in original)).  Further, such prohibition also strips the Court of jurisdiction to hear Plaintiffs' claims under the APA.  *See Webster v. Doe*, 486 U.S. 592, 599 (1988) ("Section 701(a) . . . limits application of the entire APA to situations in which judicial review is not precluded by statute." (citing 5 U.S.C. § 701(a)(1)).  Accordingly, 8 U.S.C. § 1252(g) has stripped the Court of jurisdiction to hear this case.

However, Plaintiffs argued that the REAL ID Act does not deprive the Court of jurisdiction because they were not challenging "any discretionary act of Defendants or the

validity of their removal order" because Defendants' "final agency action" (*i.e.*, their failure to refer Plaintiffs to an asylum officer) was not discretionary within the meaning of 8 U.S.C. § 1252(a)(2)(B)(ii). Emergency Mot. at 11. Simply put, Plaintiffs averred that they were only challenging "Defendants' failure to refer them for reasonable fear interviews to determine their eligibility for withholding of removal or protection under the [Convention Against Torture ("CAT")], and not any decision for which 8 U.S.C. § 1252(g) strips jurisdiction." *Id.*

Even so, Plaintiffs' argument still fails as it puts the cart before the horse because their argument assumes that Defendants *reinstated* the removal order. *See, e.g.*, Emergency Mot. at 3 ("Upon reinstatement and Plaintiffs' articulation of fear of returning to their country of origin, Defendants were required to refer Plaintiffs for reasonable fear interviews before USCIS.") (citing 8 C.F.R. §§ 208.31(b), 241.8(e)); *id.* at 9 ("Defendants cannot reasonably deny that Plaintiffs were removed or voluntarily departed under the September 18, 2019 *in absentia* removal order. . . . Therefore, 'the prior removal order is reinstated,' 8 U.S.C. § 1231(a)(5), and Plaintiffs 'shall be immediately referred to an asylum officer' for a reasonable fear interview) (citing 8 C.F.R. § 241.8(e)); *id.* at 16 ("Because [Plaintiffs] entered the United States unlawfully, 8 U.S.C. § 1231(a)(5) states that 'the prior order of removal is reinstated. . . .' Upon reinstatement, referral for a reasonable fear interview is required by Defendants' regulations.") (citing 8 C.F.R. §§ 208.31(b), 241.8(e)).

To be sure, an alien "cannot be removed again under [a prior] removal order unless and until it [is] reinstated." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 489 (9th Cir. 2007) (Kozinski, J.). But contrary to the implicit assumption underlying Plaintiffs' argument, "[r]einstatement of a prior order of removal is not automatic." *Villa-Anguiano v. Holder*, 727 F.3d 873, 878 (9th Cir. 2013). In fact, as the implementing regulation for 8 U.S.C. § 1231(a)(5),

8 C.F.R. § 241.8 sets forth the procedure that immigration officers must follow in determining whether the prior removal order can be reinstated. *Lin v. Gonzales*, 473 F.3d 979, 983 (9th Cir. 2007). "Only if the requirements of 8 C.F.R. § 241.8(a) and (b) have been satisfied is the alien removable under the previous order." *Id.* at 983 (citing 8 C.F.R. § 241.8(c)). Hence, the "[e]xception for withholding of removal" in 8 C.F.R. § 241.8(e) applies if, and only if, the immigration officer has reinstated the prior removal order pursuant to that section. *See* 8 C.F.R. § 241.8(e) ("If an alien whose prior order of removal *has been reinstated under this section* expresses a fear of returning to the country designated in that order, the alien shall be immediately referred to an asylum officer for an interview to determine whether the alien has a reasonable fear of persecution or torture pursuant to § 208.31 of this chapter." (emphasis added)).

Here, the record is unclear as to whether Plaintiffs' prior order of removal was ever reinstated. The IJ who denied Plaintiffs' *pro se* Motion to Rescind *In Absentia* Removal Order and Reopen Removal Proceedings only indicated in his order that Plaintiffs "appear[ed] to be subject to reinstatement of their prior removal order[.]" Emergency Mot., Ex. 5 at 2. But before the hearing, the parties represented to the Court that the issue of whether Plaintiffs were subject to reinstatement under 8 U.S.C. § 1231(a)(5) was still in dispute. And Plaintiffs submitted no evidence that the prior order was indeed reinstated. As such, before Plaintiffs could even raise a claim against Defendants for failing to refer them for reasonable fear interviews, Plaintiffs' allegation must necessarily be that Defendants improperly failed to reinstate the prior removal order in attempting to remove them on January 19, 2021.

For all that, this Court would still lack jurisdiction to entertain such a challenge because pursuant to 8 U.S.C. § 1252(a)(5), only the Fifth Circuit has the jurisdiction over "final orders of

removal," which also include reinstatement orders. *Iracheta v. Holder*, 730 F.3d 419, 422 (5th Cir. 2013) (citing *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 295 (5th Cir. 2002)); 8 U.S.C. § 1252(a)(5) (providing that a petition for review with the court of appeals is the "sole and exclusive means for judicial review of an order of removal"). Indeed, the Fifth Circuit would have been able to review all questions of law and fact about whether Defendants even reinstated Plaintiffs' prior removal order or if they did not, whether their attempt to remove Plaintiffs without such reinstatement was proper or lawful. 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.").

Further, even if it would have been unable to determine whether Defendants ever reinstated the prior removal order from the record, the Fifth Circuit would have still been able to remand the case back to Defendants for further factual development and to temporarily stay Plaintiffs' removal pending its determination on the matter—which is essentially the relief Plaintiffs were requesting from this Court with their instant motion. *See Ponta-Garcia v. Atty. Gen. of United States*, 557 F.3d 158, 163 (3d Cir. 2009) (vacating the order of reinstatement and remanding to ICE for further proceedings and factual development); 8 U.S.C. § 1252(b)(3)(B) ("Service of the petition on the officer or employee does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise.").

Therefore, regardless if Plaintiffs had successfully maneuvered their claims around the jurisdiction-stripping provision in 8 U.S.C. § 1252(g), the only court statutorily authorized to deal with Plaintiffs' claims regarding Defendants failure to follow the reinstatement procedures

was the Fifth Circuit on a petition for review, not this Court. *See Rosales,* 426 F.3d at 736 (holding that the courts of appeal were the "exclusive forum" for challenges to removal orders and addressing the merits of a habeas case transferred from a district court that challenged a removal order on due process grounds); *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (stating that appellate courts routinely consider claims—such as Plaintiffs' here—that questions the validity and constitutionality of deportation "when they arrive from the BIA on petition for review" but holding that in that instance, the Fifth Circuit lacked jurisdiction to consider Plaintiffs' claim because it "reached the courts outside the prescribed administrative process," *i.e.*, on appeal from a district court's order—strongly suggesting that a lower court lacked jurisdiction over such a claim (citing § 1252(b)(9)); *see also id.* ("Section 1252(b)(9) operates as an unmistakable 'zipper' clause, designed to consolidate and channel review of *all* legal and factual questions that arise from the removal of an alien through the preordained administrative process." (internal quotes and citations omitted) (emphasis in original)).

Consequently, the Court must deny the Emergency Motion, *see Singh v. Wolf*, 20-CV-0539, 2020 WL 3424850, at *2 (W.D. La. May 13, 2020), ("A party seeking injunctive relief cannot establish a 'substantial likelihood of success on the merits' if the court concludes that it lacks jurisdiction." (citing *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989)), *report and recommendation adopted*, 20-CV-0539, 2020 WL 3421932 (W.D. La. June 22, 2020), and further dismiss Plaintiffs' claims for want of jurisdiction, *see Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) ("A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." (citations omitted)).

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs M.P.G. and T.N.P.'s "Application for Emergency Temporary Restraining Order" (ECF No. 4) is **DENIED**.

**IT IS FURTHERED ORDERED** that that any and all claims against Defendants are **DISMISSED WITHOUT PREJUDICE.**

**IT IS MOREOVER ORDERED** that all pending motions, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **CLOSE** this matter after docketing the Final Judgment to be issued separately on this day.

**So ORDERED and SIGNED this 21st day of January 2021.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**